T. C. SACHSE VS. PRINCE ROBERTSON. J. M. GILLESPIE, IN-
TERVENOR.

MAYO, J. Where the Judges differ with regard to a motion to
dismiss an appeal, the motion will stand overruled.

2. A farmer who rents to tenants, whom he furnishes with
supplies under a contract of pawn and pledge, has a pledge both
as lessor and as furnisher, and can hold the crops until he is
paid. Act 66 of 1874.

3. But if the planter makes a settlement with the tenant,
showing that a part of the crop is coming to the latter, which the
planter buys, but before it is delivered it is attached by a creditor
of the tenant, the attachment will be maintained. By the settle-
ment, the possession of the planter under his pledges was dis-
charged, and there was no subsequent actual delivery under the
sale. A constructive delivery of movable property will not affect
the rights of third persons.

---

ARCHY DAVIS VS. SHERIFF ET AL.

MAYO, J. Under C. P. 644, as amended by Act 17 of 1874, and
Act 76 of 1876, the wages of laborers are exempt from seizure.
C. C. 1992.

2. "Laborers" are employees, who do hard, toilsome, manual
work, and their "wages" are whatever thing or sum of money
they work for.

3. Where a laborer is employed to work for a share of the
crop, which share, in the present instance, was one-half of what
he made, the contract is not one of partnership, but one of hire;
the price paid for the labor being a part of its fruits or produc-
tions. 14 An. 535; 22 An. 438. All the relations of employer
and employee exist between the planter and the laborer, under
such a contract.

4. The laborer's share in the crop constitute his "wages," and
said share cannot be seized, even for a privileged debt.